IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| FLAGSHIP HOTEL, LTD., | ) ) ) ) | CASE NO. 04-81356-G3-11 |
| Debtor, | | |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion to Determine Post-Confirmation Trustee's Fees; Motion for Entry of Final Decree" (Docket No. 290) filed by the Debtor. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered determining the amount of the fee due to the United States Trustee in the above captioned case. A separate Final Decree will also be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Flagship Hotel, Ltd. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 30, 2004.

On September 16, 2005, Debtor filed the "Flagship Hotel, Ltd.'s Corrected First Amended Plan of Reorganization"

(Docket No. 237).  The plan was confirmed, by order entered November 1, 2005 (Docket No. 250).

> The plan provides in pertinent part:
>
> 3.01    The plan provides for Debtor to continue operation of the Flagship Hotel and its amenities. Debtor shall fund the Plan out of any financing it obtains and/or from operations of the hotel.

(Docket No. 237).

In the instant motion, Debtor seeks a determination that the fees that Debtor must pay to the United States Trustee, for deposit in the Treasury, pursuant to 28 U.S.C. § 1930(a)(6) total $3,750.  The United States Trustee contends that the correct amount is $27,000.

Debtor's counsel stipulated that the amount due is $27,000, if it is calculated with respect to Debtor's post-confirmation operations.  Debtor contends that no fee should be due for time periods after the calendar quarter in which Debtor's plan was confirmed.

## Conclusions of Law

Under 28 U.S.C. § 1930(a)(6), a party commencing a Chapter 11 case is required to pay to the United States Trustee, for deposit in the Treasury, $3,750 for each quarter in which disbursements total $300,000 or more but less than $1,000,000.

Prior to 1996, Section 1930(a)(6) required payment of quarterly fees "until a plan is confirmed or the case is converted or dismissed, whichever occurs first."  In 1996, the

2

provision was amended to strike the words "a plan is confirmed." were eliminated.

Debtor contends that no fee should be due for time periods after the calendar quarter in which Debtor's plan was confirmed, because the plan distributed the assets of the estate to the Reorganized Debtor free and clear of liens.  Debtor's contention is not supported by the plan in the instant case.  Section 3.01 of the plan contemplates that the Debtor will continue to operate the hotel and make payments.  There is no new entity created by the plan, into which the assets of the estate could have become vested free and clear of the Debtor's obligations under the plan.  The court concludes that the amount of fees owing to the United States Trustee in the instant case is $27,000.

Based on the foregoing, a separate Judgment will be entered determining the amount of fees owing to the United States Trustee, and a separate Final Decree will be entered.

Signed at Houston, Texas on December 19, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE